UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00431-FDW

| | |
|---|---|
| NAPOLEON CASH, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| ROY COOPER, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon initial review of Petitioner Napoleon Cash's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to proceed in forma pauperis. (Doc. No. 2.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on October 31, 2017, pled guilty in Anson County Superior Court to one count of manslaughter. (Pet. 1, Doc. No. 1; Transfer Order 1, Doc. No. 4.) The trial court sentenced Petitioner to 38-58 months in prison. (Pet. 1.) According to Petitioner, he did not file a direct appeal. (Pet. 2.)

On July 30, 2018, Petitioner filed the instant § 2254 Petition in the United States District Court for the Eastern District of North Carolina. That court transferred the action here, where venue is proper. (Doc. No. 4.)

**II.     STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

1

Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes the Petition should be dismissed without prejudice because Petitioner has not exhausted his state remedies.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a petitioner exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

As an initial matter, Petitioner did not file a direct appeal challenging his judgments. That fact is not necessarily fatal to his § 2254 Petition, if Petitioner demonstrates that he has exhausted his habeas claims by properly raising them elsewhere in the state courts. Petitioner

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

asserts that he raised some of his claims in a post-conviction motion for appropriate relief ("MAR"), and that a decision was rendered on July 23, 2018. (Pet. 6, 9, 10-11.) However, Petitioner provides the address of this Court as the location where he filed his MAR. This Court has no jurisdiction to consider an MAR, and its records show that aside from the instant case, no civil action has been opened in Petitioner's name.

North Carolina law requires that an MAR be filed in the county of conviction, which for Petitioner would be Anson County. See N.C. Gen. Stat. § § 15A-1413(a) (2017). It is impossible to tell from the habeas Petition whether Petitioner filed an MAR in Anson County. Regardless, to the extent he did file an MAR in the Anson County Superior Court, Petitioner, by his own admission, has not filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of that MAR. (Pet. 6, 9, 10-11.) That step is necessary to exhaust the claims raised in the instant habeas Petition. See O'Sullivan, 526 U.S. at 845.

Because he has not provided the state courts a full and fair opportunity to resolve his federal constitutional claims, Petitioner has not exhausted his available state remedies. See id. Therefore, the Court shall dismiss the instant habeas Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes. Petitioner is forewarned, however, that a one-year statute of limitations applies to the filing of a § 2254 petition. See 28 U.S.C. § 2244(d)(1). Generally, the statute of limitations begins to run on the date a petitioner's conviction becomes final, see § 2244(d)(1)(A), and is tolled while a properly filed post-conviction action is pending in the state courts, see § 2244(d)(2).

On another note, Petitioner's § 2254 Petition is deficient under Rule 2(c) of the Rules Governing Section 2254 Cases. Rule 2(c) requires a Petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28

U.S.C.A. foll. § 2254. Although Petitioner has stated several grounds for relief (e.g. "My attorney was ineffective at the time of entering the plea" (Pet. 7); "I was sentence[d] outside the presumptive range . . . for my [prior] record level" (Pet. 8)), he has failed to state facts to support any of his grounds for relief. Petitioner must comply with the requirements of Rule 2 in any future § 2254 petition.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as unexhausted;

2) Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED** for the sole purpose of dismissing this action; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge